

POWERS KIRN, LLC
By: Jill Manuel-Coughlin, Esquire
ID# 63252
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant/ 18-0338

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE:<br>Steven E. Brown<br><br>                          Debtor | Chapter 13 Proceeding<br><br>20-11303 ELF |
|---|---|
| PENNYMAC LOAN SERVICES, LLC<br>                          Movant<br>      v.<br>Steven E. Brown<br>and<br>William C. Miller, Esquire<br>                          Respondents | |

### STIPULATION IN SETTLEMENT OF
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

WHEREAS, the parties hereto and their respective counsel, have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed by Jill Manuel-Coughlin, Esquire on behalf of secured creditor, PENNYMAC LOAN SERVICES, LLC ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 1136 North 65th Street, Philadelphia, PA 19151, mortgage account ending with 4313.

3. Upon approval by the United States Bankruptcy Court of the within Stipulation, Debtor and Movant, agree to the following:

    (a) Parties acknowledge that the current regular post-petition payment is **$1,004.77**.

    (b) Parties acknowledge that the following amounts are currently due post-petition:

    | Monthly Payments: 4/1/2020 – 8/1/2020 @ $1,004.77 | $5,023.85 |
    |---|---|
    | Less Debtor Suspense: | ($0.00) |
    | **Total Post-Petition Arrearage:** | **$5,023.85** |

    (c) Commencing with the 9/1/2020 payment the Debtor shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note & Mortgage.

    (d) On or before 8/31/2020, Debtor shall make a down-payment to Movant in the amount of **$1,004.77**. This payment shall be applied to the post-petition arrears as shown in paragraph 3 (b) above.

(e) Beginning SEPTEMBER 2020 and continuing monthly through FEBRUARY 2021; in addition to the regular monthly post-petition payment; Debtor shall pay to Movant the additional sum of **$669.85** per month (*parties agree that the remaining $.02 from the final stip payment will be placed in debtor suspense to credit the overage*). Additional "stip payments" shall be due on the last day of each month. These additional payments shall be applied towards the arrears shown in paragraph 3(b) above.

(f) If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(g) All post-petition payments from Debtor to Movant shall be sent to PennyMac Loan Services, LLC, P.O. Box 660929, Dallas, TX 75266-0929.

(h) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the contract and applicable law. Also, all allowed fees and costs due to Movant as stated on any Post-Petition Fee Notices filed with the court shall be paid prior to the entry of a Discharge Order.

(i) The Debtor shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not timely made, or if the case should convert to a Chapter 7 Bankruptcy, Movant may provide the Debtor and their counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant relief from the automatic stay without further notice and hearing and waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

(j) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____
Tamika N. Wynche, Esquire
Attorney for Debtor
Date: 8/7/20

/s/ Leroy W. Etheridge, Esq. for
_____
William C. Miller, Esquire
Trustee
Date: 8/11/2020

NO OBJECTION
*without prejudice to any trustee rights and remedies.

/s/ Jill Manuel-Coughlin, Esquire
_____
Jill Manuel-Coughlin, Esquire
Attorney for Movant
Date:

On this ___ day of _____, 2020, approved by the Court.

_____
United States Bankruptcy Judge
Eric L. Frank