```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
```

In re:                                                              Case No. 20-11303-elf
Steven E. Brown                                                     Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

```
District/off: 0313-2        User: PaulP              Page 1 of 1           Date Rcvd: Aug 14, 2020
                            Form ID: pdf900          Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 16, 2020.
db         Steven E. Brown,   1136 N 65th St,   Philadelphia, PA  19151-3113

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.    TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.    TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2020                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 14, 2020 at the address(es) listed below:
```
              HARRY B. REESE    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bankruptcy@powerskirn.com
              JILL  MANUEL-COUGHLIN    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC
               bankruptcy@powerskirn.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Nissan Motor Acceptance Corporation
               bkgroup@kmllawgroup.com
              TAMIKA N. WYCHE    on behalf of Debtor Steven E. Brown daviddanielslaw@gmail.com,
               G30609@notify.cincompass.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                             TOTAL: 7
```

POWERS KIRN, LLC
By:  Jill Manuel-Coughlin, Esquire
ID# 63252
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant/ 18-0338

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Steven E. Brown<br>Debtor | Chapter 13 Proceeding<br><br>20-11303 ELF |
| PENNYMAC LOAN SERVICES, LLC<br>Movant<br>v.<br>Steven E. Brown<br>and<br>William C. Miller, Esquire<br>Respondents | |

## STIPULATION IN SETTLEMENT OF
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

WHEREAS, the parties hereto and their respective counsel, have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed by Jill Manuel-Coughlin, Esquire on behalf of secured creditor, PENNYMAC LOAN SERVICES, LLC ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 1136 North 65th Street, Philadelphia, PA 19151, mortgage account ending with 4313.

3. Upon approval by the United States Bankruptcy Court of the within Stipulation, Debtor and Movant, agree to the following:

    (a) Parties acknowledge that the current regular post-petition payment is **$1,004.77**.

    (b) Parties acknowledge that the following amounts are currently due post-petition:

    | Monthly Payments: 4/1/2020 – 8/1/2020 @ $1,004.77 | $5,023.85 |
    |---|---|
    | Less Debtor Suspense: | ($0.00) |
    | **Total Post-Petition Arrearage:** | **$5,023.85** |

    (c) Commencing with the 9/1/2020 payment the Debtor shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note & Mortgage.

    (d) On or before 8/31/2020, Debtor shall make a down-payment to Movant in the amount of **$1,004.77**. This payment shall be applied to the post-petition arrears as shown in paragraph 3 (b) above.

(e) Beginning SEPTEMBER 2020 and continuing monthly through FEBRUARY 2021; in addition to the regular monthly post-petition payment; Debtor shall pay to Movant the additional sum of **$669.85** per month (*parties agree that the remaining $.02 from the final stip payment will be placed in debtor suspense to credit the overage*). Additional "stip payments" shall be due on the last day of each month. These additional payments shall be applied towards the arrears shown in paragraph 3(b) above.

(f) If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(g) All post-petition payments from Debtor to Movant shall be sent to PennyMac Loan Services, LLC, P.O. Box 660929, Dallas, TX 75266-0929.

(h) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the contract and applicable law. Also, all allowed fees and costs due to Movant as stated on any Post-Petition Fee Notices filed with the court shall be paid prior to the entry of a Discharge Order.

(i) The Debtor shall timely tender all payments and comply with all conditions in accordance with this Stipulation. If such payments or conditions are not timely made, or if the case should convert to a Chapter 7 Bankruptcy, Movant may provide the Debtor and their counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant relief from the automatic stay without further notice and hearing and waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

(j) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____
Tamika N. Wynche, Esquire
Attorney for Debtor
Date: 8/7/20

/s/ Leroy W. Etheridge, Esq. for
William C. Miller, Esquire
Trustee
Date: 8/11/2020

NO OBJECTION
*without prejudice to any trustee rights and remedies.

/s/ Jill Manuel-Coughlin, Esquire
Jill Manuel-Coughlin, Esquire
Attorney for Movant
Date:

# ORDER

On this 14th day of August, 2020, approved by the Court.

_____
United States Bankruptcy Judge
Eric L. Frank