United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 20-11303-elf
Steven E. Brown                                                         Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2       User: PaulP           Page 1 of 1            Date Rcvd: Aug 27, 2020
                           Form ID: pdf900       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 29, 2020.
db             Steven E. Brown,    1136 N 65th St,    Philadelphia, PA   19151-3113

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 29, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 27, 2020 at the address(es) listed below:
              HARRY B. REESE    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bankruptcy@powerskirn.com
              JILL  MANUEL-COUGHLIN    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC
               bankruptcy@powerskirn.com
              REBECCA ANN SOLARZ    on behalf of Creditor   Nissan Motor Acceptance Corporation
               bkgroup@kmllawgroup.com
              TAMIKA N. WYCHE    on behalf of Debtor Steven E. Brown daviddanielslaw@gmail.com,
               G30609@notify.cincompass.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Steven E. Brown <br>            Debtor | CHAPTER 13 |
| Nissan Motor Acceptance Corporation <br>            Movant <br> vs. | NO. 20-11303 ELF |
| Steven E. Brown <br>            Debtor | |
| William C. Miller, Esquire <br>            Trustee | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$2,748.33**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 15, 2020 at $509.01/month <br> May 15, 2020 to August 15, 2020 at $559.83/month |
| **Total Post-Petition Arrears** | **$2,748.33** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on September 15, 2020 and continuing through February 15, 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$559.83** on the loan (or as adjusted pursuant to the terms of the loan) on or before the twenty-fifth (25th) day of each month, plus an installment payment of **$458.06 from September 15, 2020 to January 15, 2021 and $458.03 for February 15, 2021** towards the arrearages on or before the last day of each month at the address below;

TMCC
P.O. BOX 5855
CAROL STREAM, IL 60197-5855

b). Maintenance of current monthly loan payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a third default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 19, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 8/24/20

Tamika N. Wyche
Attorney for Debtor

Date: 8/25/2020

/s/ LeRoy W. Etheridge, Esq for
William C. Miller, Esquire
Attorney for Debtor

NO OBJECTION
*without prejudice to any trustee rights and remedies.

**O R D E R**

Approved by the Court this 27th day of August, 2020. However, the court retains discretion regarding entry of any further order.

_____
United States Bankruptcy Judge
Eric L. Frank